UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAPHANNIE BUTLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 21-cv- |
| ) | |
| v. ) | |
| ) | |
| MIDLAND FUNDING LLC, and MIDLAND ) | |
| CREDIT MANAGEMENT INC., ) | |
| ) | |
| Defendants. ) | |
| ) | <u>Jury Demanded</u> |

## **COMPLAINT**

Plaintiff Daphannie Butler brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## **STANDING**

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendants sharing of false information regarding one of Plaintiff's debts with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

**PARTIES**

5. Plaintiff is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Comenity Bank consumer account (the "Account").

6. Plaintiff used the Account primarily for personal, family, and household purchases.

7. The Account is a "debt" as that term is defined in § 1692a(5) of the FDCPA.

8. Plaintiff is a "consumer" as that term is defined in § 1692a(3) of the FDCPA.

9. Defendant Midland Funding, LLC ("Midland") is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Midland Credit Management, Inc., located at 1821 Walden Office Sq., Ste. 400, Schaumburg, Illinois 60173.

10. Midland buys defaulted debts for pennies on the dollar, then attempts to collect the face value of the debts from consumers via third parties.

11. Midland holds a collection agency license from the State of Illinois.

12. Midland's principal business purpose is the collection of defaulted consumer debts.

13. Midland is thus a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

14. Defendant Midland Credit Management, Inc. ("MCM", and together with Midland, "Defendants") is a servicer of defaulted consumer debts that collects debts on behalf of purchasers of defaulted consumer debts, such as Midland in this case, via the mailing of collection letters and telephone communications made to debtors.

15. MCM is a Kansas corporation that does or transacts business in Illinois. Its registered agent is Illinois Corporation Service Co., located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

16. MCM maintains and/or owns a website, www.midlandcredit.com.

17. MCM's website contains, in part, the following statements:

### Who is Midland Credit Management (MCM)?

Midland Credit Management (MCM) is a company that helps consumers resolve past-due financial obligations. MCM has serviced millions of collection accounts over the years with the goal of helping consumers achieve financial freedom. MCM works with consumers and also partners with Midland Funding LLC, one of the nation's largest buyers of unpaid debt.

If you received a letter from MCM, this means a creditor you had an account with has closed your account and sold it to one of our family of companies. You will need to work with MCM, not your original creditor, to resolve your account.

MCM empowers consumers by creating payment plans that work for them. We have helped over 7 million consumers work toward improved financial health.

Midland Credit Management, Inc., "About Us", https://www.midlandcredit.com/help-center/faqs/, Accessed on 26 June 2020.

18. MCM is licensed as a collection agency in the State of Illinois.

19. MCM manages and services charged-off consumer debt portfolios for Midland and regularly collects or attempts to collect debts on behalf of Midland.

20. MCM is a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

### FACTUAL ALLEGATIONS

21. According to Defendants, Plaintiff incurred charges on the Account but failed to make timely payments, and the Account went into default.

22. According to Defendants, Midland subsequently acquired the Account from the original creditor.

23. Defendants then began efforts to collect the Account.

24. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers, LLC, who, on January 2, 2021 sent a letter to Defendants indicating that Plaintiff disputed the debt. (Exhibit A, Dispute Letter).

25. Defendants received Plaintiff's dispute on January 7, 2021. (Exhibit B, Certified Tracking)

26. Plaintiff's dispute letter stated, in part, that the amount reported is not accurate.

27. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, 889 F.3d at 377. "There is simply no other way to interpret this language." *Id.*

28. Thereafter, on January 22, 2021, Defendants communicated credit information regarding the Account to the TransUnion consumer reporting agency, including the balance, an account number, and the date reported. (Exhibit C, Redacted Excerpt from Plaintiff's TransUnion Report).

29. Defendants failed to communicate that Plaintiff's debt was disputed when it communicated other information to TransUnion regarding the debt.

30. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

4

> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

31. Defendants failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when they knew or should have known about the dispute and communicated other information regarding the debt to the credit reporting agency.

32. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

33. Defendants defamed Plaintiff's credit reputation by communicating false credit information.

34. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

35. Midland bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including MCM. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

36. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

38. Defendants failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the debt to TransUnion.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: /s/ *Daniel Brown*
       Daniel Brown

Daniel Brown
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E:daniel@mainstreetattorney.com